

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-502-06

**NICHOLAS GEORGE KLEIN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS DENTON COUNTY

PRICE, J., filed a concurring and dissenting opinion in which WOMACK, JOHNSON, and COCHRAN, JJ., joined.

### CONCURRING AND DISSENTING OPINION

Even from the lengthy testimony that the Court excerpts in its opinion, it is not easy to discern concrete evidence that on at least four discrete (albeit unspecified-by-date) occasions the appellant sexually assaulted the complainant with his finger and on at least four discrete (also unspecified-by-date) occasions (which may or may not overlap with the occasions on which he sexually assaulted her with his finger) he sexually assaulted her using

his tongue. Nevertheless, I agree with the Court that the evidence is minimally sufficient to support a rational jury finding that he did in fact commit four discrete instances of each type of offense, each within the limitations period, even if not on the particular date alleged. For this reason I concur in the Court's judgment that the court of appeals erred to acquit the appellant of six of the eight charged offenses.

I write separately, however, to dissent to the Court's treatment of the second issue in the State's petition for discretionary review, with respect to the complainant's out-of-court statements to Todd, the Child Protective Services investigator, and Cook, the police investigator. The Court holds that the trial court did not abuse its discretion to admit these statements under Rule 801(e)(1)(B) of the Texas Rules of Evidence,[1] as substantive evidence of the appellant's guilt. I agree with the Court that the complainant's trial testimony could rationally have been construed by the jury both to deny and to admit that her father had sexually assaulted her. Thus, I agree that the trial court did not err to find that her out-of-court statements to Todd and Cook actually constituted prior consistent statements. I disagree, however, that the trial court could reasonably have concluded that the prior consistent statements were offered to rebut an express or implied charge of recent fabrication or improper influence or motive.

---

[1] TEX. R. EVID. 801(e)(1)(B) ("A statement is not hearsay if . . . [t]he declarant testified at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.").

Before reaching this substantive question, the Court holds that the appellant failed to preserve error with respect to whether the prior consistent statements were offered to rebut an express or implied charge of recent fabrication or improper influence or motive.[2] But we have recently reiterated that when the opponent of hearsay evidence makes his objection, it is up to the proponent of the objected-to evidence to establish that it should be admitted despite its apparent hearsay character.[3] It is abundantly clear from the record that the trial court knew that the appellant opposed introduction of the complainant's out-of-court statements to Todd and Cook, at least as substantive evidence of guilt. It was therefore the State's burden, as proponent of those statements, to establish that they met the criteria of Rule 801(e)(1)(B) for the admissibility of out-of-court statements that would otherwise constitute hearsay. The trial court ruled that the State satisfied those criteria because, *inter alia*, "there is an express or implied charge of improper inference [sic] motive." This constituted an adverse ruling on the appellant's hearsay objection which he was entitled to challenge on appeal. There was no procedural default.

Notwithstanding the perceived procedural default, the Court reaches the substantive issue and holds that the record was sufficient to establish that the complainant's out-of-court

---

[2] The court of appeals never addressed the issue of procedural default. Nor does the State make this argument in its petition for discretionary review.

[3] *Vinson v. State*, 252 S.W.3d 336, 340 & n.15 (Tex. Crim. App. 2008); *De La Paz v. State*, ___ S.W.3d ___ (Tex. Crim. App., No. PD-1168-07, delivered June 18, 2008) (Slip op. at 15 & n.8).

statements to Todd and Cook were admissible to rebut an express or implied charge of recent fabrication. The recent fabrication, according to the Court, was that part of the complainant's trial testimony that the jury could rationally have found was an admission that her father sexually assaulted her. But if this was a fabrication, there was nothing recent about it. If it was indeed a fabrication, it was originally made to Batchelder, the school counselor, and then repeated to Todd and Cook, before the complainant ever recanted it. Nothing in the appellant's cross-examination of the complainant suggested that this fabrication (if it was indeed a fabrication) was of *recent* vintage. Defense counsel made no suggestion—at least none in the presence of the jury—of any pressure that investigators or the prosecutor may ever have brought to bear on the complainant, once she had recanted her original story, to revert back to the accusations against her father. Under these circumstances, the original accusations do not serve any logical rehabilitative or rebuttal function. They constitute nothing more than hearsay, the only legitimate function of which was to impeach the complainant's *other* trial testimony that the appellant did *not* sexually assault her, not to rehabilitate her in any manner. Therefore, the trial court abused its discretion to admit the statements the complainant made to Todd and Cook as substantive evidence under Rule 801(e)(1)(B), on the theory that it rebutted a charge of recent fabrication.

In a footnote, the Court also seems to hold that the prior consistent statements were

offered to rebut a charge of improper influence or motive.[4]  What the Court identifies as the charge of improper influence or motive was defense counsel's insinuations, during his closing arguments at the guilt phase, that the prosecutor had somehow tricked the complainant into admitting that her father had sexually assaulted her.  But this is the only place in the record where such an insinuation was made in the jury's presence, and it came well after the trial court had already ruled that the prior consistent statements were admissible as substantive evidence.  Therefore, at least as of the time at which the trial court made its ruling, it abused its discretion to hold that the prior consistent statements were admissible to rebut a charge of improper influence or motive, since the jury was not privy to any such charge. Moreover, had the trial court ruled otherwise (as it should have at that juncture), defense counsel may well have eschewed any insinuating closing argument for fear that the trial court might belatedly instruct the jury, at the State's behest, that it could consider the prior consistent statements after all (which had already been admitted before the jury as impeachment evidence) as substantive evidence of guilt.  And if defense counsel had eschewed the insinuating closing argument, the jury would never have been authorized to consider the prior consistent statements as substantive evidence.  For these reasons I also reject this alternate basis for sustaining the trial court's ruling.

---

[4] This was the basis upon which the trial court expressly found that the prior consistent statements were admissible under the rule, without identifying how the appellant may have expressly or implicitly made such a charge.

Finally, I disagree with the Court's ultimate conclusion that it was harmless error to allow the jury to consider the prior consistent statements as substantive evidence. The Court finds it harmless (or at least not reversible under what used to be erroneously referred to as the "doctrine of curative admissibility") because similar testimony was elicited from the complainant herself, admitting that she had told both Todd and Cook of her father's abuse, without substantive limitation.[5] But the complainant did not admit that she had told Todd and Cook that the abuse occurred "many times," as Todd testified. Thus, the testimony that Todd gave with respect to the complainant's admission was not exactly "the same fact" proven by the complainant's own testimony,[6] and the (mislabeled-but-still-viable) doctrine of curative admissibility should not apply. Todd's added testimony in this respect is an important component of the Court's own conclusion that the evidence is legally sufficient to establish that all eight of the discrete offenses the appellant was tried for actually occurred.[7] Indeed, the trial court expressly invoked the prior-consistent-statement evidence

---

[5] *Leday v. State*, 983 S.W.2d 713, 715-17 (Tex. Crim. App. 1998); George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 42.281 & 42.282, at 404-06 (2nd ed. 2001).

[6] *See Leday v. State*, *supra*, at 718 (erroneous admission of testimony not deemed reversible error "if the same fact is proven by other testimony not objected to. See . . . *West v. State*, 2 Tex.App. 460 [1877] . . . ."); Dix & Dawson, *supra*, at 405 ("The rule applies only if the testimony admitted by or without objection from the defendant is functionally the same as that as to which the defendant complains on appeal.").

[7] In finding harm, the court of appeals held that Todd's testimony was important to the State's case because it presented the only evidence of penetration. *Klein v. State*, 191 S.W.3d 766, 785

when it denied the appellant's motion for instructed verdict.[8] As for Cook's testimony, the court of appeals noted that it was the only testimony that provided the jury with a specific date for any of the offenses.[9] The State argues that there was other evidence from which it could be inferred that the offenses occurred within the limitations period,[10] and this is true. But that does not necessarily mean that Cook's testimony, especially in combination with Todd's, did not adversely affect the appellant's substantial rights.[11]

In my view, the trial court erred, the error was preserved, and it was not rendered harmless by the complainant's own testimony. For these reasons, I would affirm that portion of the court of appeals's opinion reversing the convictions for trial error. Therefore, although I agree with the Court that the court of appeals erred to hold that the evidence was

---

(Tex. App.—Fort Worth 2006). The State argues in its petition for discretionary review that this would apply to only four of the eight offenses with which the appellant was charged. State's Brief, at 20-21. But with respect to the other four charges, the State does not contest the court of appeals's harm analysis.

[8] At the end of the charge conference at the guilt phase of trial, in response to the request of the appellant's counsel that it instruct the jury to return a not-guilty verdict, the trial court responded:

> THE COURT: Based on the testimony of [the complainant], in the Court's opinion it was—the [prior consistent statement] evidence was consistent and inconsistent, and since consistent testimony can be considered for the truth of the matter asserted, then I'm denying your motion.

[9] *Klein v. State*, *supra*.

[10] State's Brief, at 20.

[11] TEX. R. APP. PRO. 44.2(b).

insufficient to establish all eight convictions, I would affirm that part of the court of appeals's judgment reversing the convictions and remanding them for a new trial.

Filed: October 1, 2008
Publish